**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:19-cr-0001 |
| ) | |
| **ARTHUR GREAVES,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

    **BEFORE THE COURT** is Arthur Greaves' ("Greaves") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed on August 7, 2024. (ECF No. 77.) The Government filed a response on September 11, 2024, not opposing the motion. (ECF No. 78.) Because the Court concludes that Greaves received an illegal sentence, the Court will grant the motion and will vacate his sentence.

**I. BACKGROUND**

    On January 7, 2019, the Government filed an Information charging Greaves with one count of possession of a firearm with obliterated serial number, "[i]n violation of Title 18, United States Code, Sections 922(k) and 924(c)(1)(B)(i)." (ECF No. 1.) On February 21, 2019, a grand jury returned an Indictment charging Greaves with possession of a firearm with obliterated serial number "[i]n violation of Title 18, United States Code, Sections 922(K) and 924(c)(1)(B)(i)," and possession of a firearm in a school zone "[i]n violation of Title 18, United States Code, Sections 922(q)(2)(A) and 924(c)(1)(B)(i)." (ECF No. 25.)

    On April 9, 2019, Greaves entered into a plea agreement with the Government, which provided that he will plead guilty to Count One of the Indictment, "charging a violation of Title 18, United States Code, Section 922(k) which carries a mandatory minimum term of imprisonment of not less than ten (10) years, a maximum term of life imprisonment, a maximum fine of $250,000.00, a term of supervised release of not more than three (3) years and a special assessment of $100.00 due immediately." (ECF No. 40 ¶ a.) In the plea agreement, Greaves acknowledged that the Government could prove the essential elements of a violation of 18 U.S.C. § 922(k), namely, that Greaves knowingly possessed a firearm; at

the time he possessed the firearm, he knew the firearm's serial number had been removed or obliterated; and the firearm moved in or otherwise affected interstate or foreign commerce. (*Id.* ¶ b.) Greaves acknowledged that, should the case go to trial, the Government could present evidence to support the charge in Count One of the Indictment beyond a reasonable doubt, including that, on May 17, 2018, he appeared at the residence of the victim "JM" with an AR-15 style rifle, and as the victim stood at the entrance of his residence with his four years old child Greaves pointed the rifle at the victim and demanded the gold chain, and, as the victim started to remove the chain from his neck, Graves grabbed it and ran. (*Id.* ¶ c.) A 911 call brought the police officers to the scene where they discovered Greaves hiding in an abandoned building and placed him under arrest. (*Id.*). Greaves led the police to "a .223 cal. DPMS model AR-15 style rifle with its serial number removed or obliterated, the firearm defendant used to commit the robbery. The rifle was not manufactured in the Virgin Islands, entering through foreign or interstate commerce." (*Id.*)

At the change of plea hearing conducted on April 10, 2019, the district judge advised Greaves that Count One of the Indictment charged him "with a violation of Title 18 U.S. Code, Section 922(k) and 924. It carries a mandatory sentence of imprisonment of ten years, a maximum term of life imprisonment, a maximum fine of $250,000, a term of supervised release of not more than three years, and a special assessment of $100." (ECF No. 63 at 5.) Greaves pleaded guilty to Count One of the Indictment and the court accepted his plea and adjudged him guilty of the crime charged in Count One of the Indictment, possession of a firearm with obliterated serial number, "in violation of Title 18, U.S. Code, Sections 922 and 924." (*Id.* at 9-10.)

Greaves was sentenced on October 24, 2019. Paragraph 52 of the presentence investigation report ("PSR") prepared by the U.S. Probation Office indicated that "[t]he minimum term of imprisonment is 10 years, and the maximum term is life. 18 U.S.C. § 922(k) and 18 U.S.C. § 924(c)(1)(B)(i)." Paragraph 53 of the PSR indicated that, based on a total offense level of 23 and a criminal history of I, the guideline imprisonment range is 46 months to 57 months, but the statutorily required minimum sentence of 10 years is greater than the maximum of the applicable guideline range, making the guideline term of imprisonment 120

months under U.S. Sentencing Guideline § 5G1.1(b).[1] Neither party objected to the PSR. At the sentencing hearing, Greave's defense attorney stated that "the Government's offer was very clear. The only thing they are offering is a ten-year mandatory count." (ECF No. 55 at 6-7.) The Government stated that "the firearm that was involved in this case, it was an AR-15 assault rifle, a very dangerous weapon," and "this case involves a mandatory minimum ten-year sentence." (*Id.* at 15.) Upon consideration of "the mandatory minimum term of imprisonment and the sentencing factors at Title 18 Section 3553," the district judge sentenced Greaves to 120 months imprisonment, five years of supervised release, and $100 special assessment. (*Id.* at 15-21.)

On July 9, 2024, Greaves filed a motion under 28 U.S.C. § 2255 asserting that his counsel rendered ineffective assistance to him by failing to object and allowing Greaves to be sentenced to ten years imprisonment, which was five years outside of the statutory maximum. (ECF No. 70 at 6.) On July 1, 2024, the Government filed a notice regarding Greaves' § 2255 motion, asserting that, "[b]oth the plea agreement and the Court at the change of plea hearing erroneously informed defendant that he was subject to a term of imprisonment of ten years to life" and sentenced him to ten years of imprisonment and five years of supervised release, but the statutory maximum term of imprisonment for a violation of 18 U.S.C. § 922(k) was five years and the maximum term of supervised release was three years. (ECF No. 69 at 1-2.) The Government asserted that, if Greaves filed a Section 2255 motion claiming that his sentence was illegal and requested a sentence reduction to five years imprisonment and three years supervised release, the Government would: "(1) waive its procedural defenses to such a motion, including procedural default and the statute of limitations; (2) not contend that the filing of that motion is a violation of the plea agreement as the sentence exceeds the statutory maximum; and (3) not oppose a reduction in sentence to 5 years imprisonment and three years supervised release." (*Id.* at 3.) In a footnote, the Government asserted that, although "defendant stipulated to all the facts necessary to establish that he committed a violation of 18 U.S.C. § 924(c), premised on a local robbery, *see*

---

[1] "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b).

ECF No. 40, at 2, to which the mandatory minimum specified in 18 U.S.C. § 924(c)(1)(B)(i) would have applied, . . . that charge was not filed and was not contemplated by the United States when this case was pending." (*Id.* at 2 n.2.)

On July 16, 2024, Greaves' defense attorney filed "Defendant's Notice Regarding Defendant's Section 2255 Motion," asserting that he advised Greaves to sign the plea agreement and failed to object to the ten-year term of imprisonment, and acknowledging that "his performance was deficient, and his representation fell below an objective standard of reasonableness." (ECF No. 72 at 2.) On the same date, the Office of the Federal Public Defender filed a notice of withdrawal of the document filed on July 16, 2024, at ECF No. 72. (ECF No. 73.) On July 25, 2024, the Government filed its Second Notice Regarding Defendant's Section 2255 Motion, asserting that "it appears the Government and the defendant agree that certain relief is warranted, but there also appears to be an issue with the defendant's pleading of his claim, due to his *pro se* status," and that appointing counsel would resolve "these technical issues." (ECF No. 75.) In a footnote, the Government noted that, "although the withdrawn notice indicates that it was filed on behalf of the defendant, former defense counsel's representation of the defendant ended with the conclusion of the defendant's direct appeals." (*Id.* at 2 n.2.) Thereafter, Greaves filed a notice of withdrawal of his initial § 2255 motion at ECF No. 70, (ECF No. 76), followed by the instant § 2255 motion asserting that his sentence of ten years imprisonment and five years of supervised release is illegal because the statutory maximum for a violation of § 922(k) is five years of imprisonment and three years of supervised release. Greaves seeks an order vacating his illegal sentence and resentencing him to five years of imprisonment and three years of supervised release. (ECF No. 77 at 12.) The Government agrees that Greaves is entitled to the relief he seeks. (ECF No. 78.)

## II. DISCUSSION

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that . . . the sentence was in excess of the maximum authorized by law . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Greaves pled guilty and was sentenced to possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k). "Possessing a firearm with an obliterated serial number is an independent criminal offense, pursuant to 18 U.S.C. § 922(k). In order to prove this offense, the government would have to establish beyond a reasonable doubt not only knowing possession of the firearm but also knowledge that the serial number had been obliterated." *United States v. Leake*, 396 F. App'x 898, 901 (3d Cir. 2010). At the time of Greaves' sentencing hearing held on October 24, 2019, the statutory penalty for a violation of § 922(k) was a fine, "*imprisonment not more than five years*, or both." 18 U.S.C. § 924(a)(1)(B). (emphasis added). Furthermore, the authorized term of supervised release after imprisonment was for a violation of § 922(k) is "not more than three years" for a Class D felony, 18 U.S.C. § 3583(b)(2).

As conceded by the Government, its citation to 18 U.S.C. § 924(c)(1)(B)(i) in Count One of the Indictment applied only to a violation of 18 U.S.C. § 924(c), not a violation of 18 U.S.C. § 922(k) to which Greaves pleaded guilty. Although the Judgment in this case indicates that Greaves was adjudged guilty of "18 U.S.C. § 922(K) and 924(c)(1)(B)(i) Possession Of A Firearm With Obliterated Serial Number" on Count One of the Indictment, (ECF No. 56 at 1), it is clear from the record that Greaves was neither charged nor convicted of a violation of 18 U.S.C. § 924(c). Section 924(c) states, in relevant part:

> (c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
> (i) be sentenced to a term of imprisonment of not less than 5 years;
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.
> (B) If the firearm possessed by a person convicted of a violation of this subsection--

>> (i) is a short-barreled rifle, short-barreled shotgun, or semiautomatic assault weapon, the person shall be sentenced to a term of imprisonment of not less than 10 years; or
>> (ii) is a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler, the person shall be sentenced to a term of imprisonment of not less than 30 years.
>> . . .
>> (D) (2) For purposes of this subsection, the term "drug trafficking crime" means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46.
>> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and--
>> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924 (c)(1)(A)-(B), (D)(2)-(3).

The plain and explicit language of § 924(c)(1) applies only to "a person convicted of a crime of violence or a drug trafficking crime." Moreover, the firearm used in committing the offense must be classified as a either a short-barreled rifle (18 U.S.C. § 921(8)), short-barreled shotgun (18 U.S.C. § 921(6)), or a semiautomatic assault weapon (18 U.S.C.§ 921(29)). Greaves was not convicted of a crime of violence nor a drug trafficking crime. Furthermore, there is nothing in the record of this case that indicates that the weapon Greaves used in committing the offense was a short-barreled rifle, short-barreled shotgun, or a semiautomatic weapon. Thus, the provisions of § 924(c)(1) is wholly inapplicable to Greaves and, therefore, the mandatory minimum sentence of 10 years did not apply to his situation.

Because Greaves was sentenced to a statute that did not apply to him and was sentenced to a term of imprisonment beyond the maximum for a violation of § 924(k), his sentence was illegal and must be vacated. Accordingly, it is hereby

**ORDERED** that Greaves' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 77, is **GRANTED**; it is further

**ORDERED** that Greaves' sentence is **VACATED**; it is further

*United States v. Greaves*
Case No. 3:19-cr-0001
Order
Page **7** of **7**

   **ORDERED** that the resentencing hearing **SHALL** commence at 9:00 A.M. on October 31, 2024, in St. Thomas Courtroom 1; it is further

   **ORDERED** that the Criminal Justice Act Panel member Adam Christian, Esq. **SHALL** be appointed to represent Greaves at the resentencing hearing; and it is further

   **ORDERED** that the Clerk of Court **SHALL** send a copy of this Order to Greaves via certified mail.

**Date:** October 7, 2024           <u>/s/ *Robert A. Molloy*</u>
                     **ROBERT A. MOLLOY**
                     **Chief Judge**